The document below is hereby signed.

Signed: May 08, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| H&H CONSTRUCTION & | ) | Case No. 09-00083 |
| INVESTMENT INC., | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DISMISSING AND DENYING MOTION TO
ENFORCE FED. R. BANKR. P. 4001(a)(3) AND AMENDING ORDER GRANTING
<u>FINANCIAL FEDERAL CREDIT, INC.'S MOTION FOR RELIEF FROM STAY</u>

On March 10, 2009, Financial Federal Credit ("FFC") filed a motion for relief from stay, and on April 16, 2009, the court held a hearing on that motion.  On May 4, 2009, the court signed and entered an order granting FFC's motion (Docket Entry ("DE") No. 38).  The order granting FFC's motion, which was prepared and submitted as a proposed order by FFC on April 22, 2009, provides, *inter alia*, that it is

> ORDERED, the debtor, H&H Construction & Investment,
> Inc. (the "Debtor"), shall disclose to FFC the location
> of the John Deeres, Attachments and other Collateral,
> and shall cooperate with FFC in [FFC's] retrieval of
> such John Deeres, Attachments and other Collateral,
> with such retrieval occurring no later than 5:00 p.m.
> on the second business day after entry of this Order
> unless otherwise agreed to in writing by FFC . . . .

On May 6, 2009, the debtor filed a Motion to Enforce the Stay Under Fed. R. Bankr. Pro. 4001(a)(3) (DE No. 39).  In its motion, the debtor contends that FFC took the position that the debtor was required to surrender its collateral by May 6, 2009, and the debtor contends that the requirement of surrender did not apply in light of the 10-day stay of Rule 4001(a)(3), which the debtor contends applies to the order granting relief from stay.

FFC has filed a response, urging that Rule 4001(a)(3) is inapplicable to the order lifting the stay because the order expressly contemplated performance within two business days after entry of the order, a deadline that would be rendered meaningless if the court intended a 10-day stay under Rule 4001(a)(3) to apply.

Both parties have offered reasonable interpretations of Rule 4001(a)(3) and its applicability to the court's order granting FFC's motion for relief from stay.  The court, however, believes that the stay of Rule 4001(a)(3) ought not apply to the order, and if the stay did apply, it should be deemed to be lifted upon entry of this order.  FFC has not retrieved the collateral at this juncture, and that moots the necessity of determining whether Rule 4001(a)(3) applied before entry of this order.[1]

---

[1] The debtor has not sought to hold FFC in contempt, even though it characterizes the position FFC took as a "demand" for surrender, and given the ambiguity that I perceive of whether Rule 4001(a)(3) applied, a finding of contempt would likely not be appropriate.

The purpose of the stay under Rule 4001(a)(3) would have been to allow the debtor adequate time to obtain a stay of longer duration pending an appeal of the court's ruling, yet the debtor was highly unlikely to prevail on any appeal.  Likewise, the delay in the court's entry of the order granting relief from stay gave the debtor more than adequate time to file a motion for reconsideration (and to seek a stay pending determination of that motion) if the debtor believed the court's ruling in favor of FFC was in error.  It is thus

ORDERED that the debtor's Motion to Enforce the Stay Under Fed. R. Bankr. Pro. 4001(a)(3) (DE No. 39) is DISMISSED as moot (without adjudicating the merits) with respect to whether the stay of Rule 4001(a)(3) applied prior to entry of this order and is otherwise DENIED.  It is further

ORDERED that the order granting relief from stay (DE No. 38) is hereby amended, such that the paragraph recited earlier in this order shall now provide as follows:

> ORDERED, the debtor, H&H Construction & Investment, Inc. (the "Debtor"), shall disclose to FFC the location of the John Deeres, Attachments and other Collateral and shall cooperate with FFC in FFC's retrieval of such John Deeres, Attachments and other Collateral, with the debtor to permit such retrieval to occur no later than 5:00 p.m. on May 12, 2009, unless FFC gives notice in writing that the retrieval will be made at a later date or time.

It is further

ORDERED that neither this order nor the court's prior order

3

granting FFC's motion for relief from stay (DE No. 38) shall be subject to the stay provided for under Rule 4001(a)(3) as of the date of entry of this order.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee;

Mary Fran Ebersole, Esq.
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Fl
Baltimore, MD 21202

4